# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LINCOLN BENEFIT LIFE COMPANY**, | Case No. 3:23-cv-00401-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DISCHARGE AND DISMISSAL WITH PREJUDICE** |
| v. | |
| **TINA MATAYA**, and **DEAN WOLF**, | |
| Defendants. | |

| |
|---|
| **DEAN WOLF**, |
| Cross Claimant, |
| v. |
| **TINA MATAYA**, |
| Cross Defendant. |

William Jere Tolton, III and Tara M. Mokhtarzadeh, Kilmer Voorhees & Laurick, PC, 2701 NW Vaughn St., Suite 780, Portland, OR 97210. David P. Donahue and Morgan B. Thompson,

PAGE 1 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DISCHARGE AND DISMISSAL

Bressler Amery & Ross, 2001 Park Place, Suite 1500, Birmingham, AL 35203. Attorneys for Plaintiff.

Tina Mataya, Eagle Creek, OR 97022. Pro se Defendant/Cross Defendant.

John N. Andon, Andon Law Firm, 4380 S. Macadam Ave., #190, Portland, OR 97239. Attorney for Defendant/Cross Claimant Dean Wolf.

**IMMERGUT, District Judge.**

This is an interpleader action. Specifically before this Court is Plaintiff Lincoln Benefit Life Company's Motion for Discharge and Dismissal with Prejudice, ECF 19. This Court previously granted Plaintiff's Motion for Interpleader Deposit pursuant to 28 U.S.C. § 1335. *See* ECF 20. Because neither Defendant Tina Mataya nor Defendant Dean Wolf has filed a counterclaim against Plaintiff and because the deadline to amend pleadings has passed, this Court GRANTS the Motion for Discharge and Dismissal.

BACKGROUND

The facts below are drawn from Plaintiff's Complaint. On or about April 12, 2002, Linda Mataya applied for a $100,000 life insurance policy with Plaintiff. Complaint, ECF 1 ¶¶ 7, 9. A decade later, on June 26, 2012, Linda Mataya submitted a change of beneficiary request designating a new individual, Defendant Wolf, as the insurance policy's irrevocable primary beneficiary. *Id.* ¶ 10. Another decade thereafter, Linda Mataya submitted a request designating Defendant Tina Mataya as the policy's primary benefactor. *Id.* ¶ 11. Plaintiff changed the policy's primary benefactor from Defendant Wolf to Defendant Tina Mataya. *Id.* ¶ 12; ECF 1-5.

Linda Mataya died on September 23, 2022. Complaint, ECF 1 ¶ 13. Soon after, on November 4, 2022, Defendant Tina Mataya requested payment as the policy's primary beneficiary. *Id.* ¶ 14. And fourteen days later, Defendant Wolf filed a claim form also requesting payment. *Id.* ¶ 15.

PAGE 2 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DISCHARGE AND DISMISSAL

On March 20, 2023, Plaintiff filed this interpleader action under Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335 against Defendants with the goal of having them "litigate amongst themselves without further involvement of" Plaintiff. *Id.* ¶ 20. Two weeks later, on April 5, 2023, Defendant Tina Mataya, who is pro se, filed her Answer, in which she claimed that Plaintiff "should be involved" in this litigation. ECF 11 ¶ 7. She did not, however, file a counterclaim. Defendant Wolf filed his own Answer on May 2, 2023. ECF 13. In it, he filed a crossclaim against Defendant Tina Mataya, contending that he "is entitled to a judicial declaration that the proceeds of the life insurance policy" should be paid to him. *Id.* ¶ 30. He did not file a counterclaim against Plaintiff. *Id.*

This Court issued a case management order on July 12, 2023. ECF 16. The deadline for the Parties to amend their pleadings was set for November 15, 2023. *Id.* None of the Parties filed an amended pleading by that date.

Plaintiff filed its Motions for Interpleader Deposit and for Discharge and Dismissal on November 28, 2023. *See* ECF 18, 19. This Court granted the Motion for Interpleader Deposit on December 1, 2023. ECF 20. Defendant Tina Mataya filed a response opposing Plaintiff's Motion for Discharge and Dismissal on December 4, 2023. Defendant Tina Mataya's Response in Opposition ("Mataya Resp."), ECF 21. Defendant Wolf filed a response that did not oppose Plaintiff's Motion but contended that Plaintiff should be barred from receiving attorney's fees drawn from the interpleader deposit. Defendant Wolf's Response Brief ("Wolf Resp."), ECF 22 at 1. This Court now grants Plaintiff's Motion without ruling on the issue of attorney's fees, which is not currently before the Court.

**LEGAL STANDARDS**

An interpleader action concerns two types of parties: the "stakeholder," which administers a fund but does not have a claim to it (e.g., an insurance company), and the "claimants," who are competing for the fund. In this case, as is true in many interpleader actions, Plaintiff is the stakeholder and Defendants are the claimants. *See* 7 Charles Alan Wright et al., Federal Practice and Procedure §§ 1702, 1704 (3d ed. Apr. 2023 update) ("Wright & Miller").

"The purpose of interpleader is for [a] stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010) (internal quotation marks and citation omitted). To that end, interpleader actions permit a disinterested stakeholder—such as an insurance company that administers a fund to which it has no claim—to "join in a single action those parties who are asserting or might assert claims to a common fund held by the stakeholder." *Primerica Life Ins. Co. v. Ross*, No. CV06–763–PK, 2006 WL 3170044, at *2 (D. Or. Nov. 1, 2006) (citing 7 Wright & Miller § 1702, at 493 (2d ed. 1986)). An interpleader action involves two stages: at the first, the district court adjudges whether the stakeholder may interplead the adverse claimants and be relieved from liability, and at the second, the court resolves the respective rights of the adverse claimants. *Id.* (citing *First Interstate Bank of Or., N.A. v. U.S. ex rel. I.R.S.*, 891 F. Supp. 543, 546–48 (D. Or. 1995)). "[I]nterpleader is a remedial device which is to be applied liberally." *First Interstate Bank of Or*, 891 F. Supp. at 546 (citation omitted).

At stage one, the court must make two findings. First, the court must ascertain its subject-matter jurisdiction over this case. Under 28 U.S.C. § 1335, federal courts have original jurisdiction of statutory interpleader actions when two or more of the adverse claimants are

diverse and the disputed amount is equal to or more than $500.[1] *See State Farm Fire & Cas. Co. v. Sellars*, No. 3:18-cv-00517-PK, 2018 WL 4326841, at *1 (D. Or. Aug. 20, 2018) (citation omitted), *findings and recommendation adopted by* 2018 WL 4323892 (Sept. 10, 2018). Second, the "stakeholder must have a good faith belief that there are or may be colorable competing claims to the stake." *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012). This means the stakeholder must have a "real and reasonable fear of exposure to double liability or the vexation of conflicting claims." *Id.* (citation omitted). The requirement "is not an onerous" one. *Id.* (citation omitted).

If the interpleader meets these requirements and deposits the fund with the court, it is generally entitled to dismissal from the case and a discharge from liability. *Nationwide Life & Annuity Ins. Co. v. Dunshie*, Case No. 6:22-cv-00995-MK, 2023 WL 3628588, at *1 (D. Or. Apr. 21, 2023), *findings and recommendation adopted by* 2023 WL 3626521 (May 24, 2023). This is often the process for a "disinterested insurance company." *Am. Funeral & Cemetery Tr. Servs. v. Celestial Burial Case, Inc.*, No. CV06–1245–PK, 2007 WL 3024511, at *2 (D. Or. Oct. 12, 2007).

## DISCUSSION

Defendants do not challenge whether Plaintiff has met the threshold steps of proper jurisdiction and good faith. Nonetheless, this Court holds that they have been satisfied. There is complete diversity among the adverse claimants. *See* ECF 11 ¶ 1 (Defendant Tina Mataya's admission that she is an Oregon citizen); ECF 13 ¶ 3 (Defendant Wolf's admission that he is an

---

[1] Plaintiff also invokes Rule 22 interpleader, which follows the ordinary prerequisites of diversity jurisdiction under 28 U.S.C. § 1332. *See Prudential Ins. Co. of Am. v. Wells*, No. C09-0132 BZ, 2009 WL 1457676, at *1 (N.D. Cal. May 21, 2009). The facts here satisfy both §§ 1332's and 1335's jurisdictional requirements. *See infra* at 5.

Alabama citizen). The life insurance policy claim is worth $100,000. Plaintiff has received competing claims for the policy benefits, and it has deposited the disputed sum with the Clerk of the Court. Thus, this Court has ample reason to grant Plaintiff's Motion.

Defendant Tina Mataya, however, opposes the Motion; in her view, because Plaintiff is responsible for there being two adverse claimants, Plaintiff must remain in the case as a party. Mataya Resp., ECF 21 ¶ 3. This is unavailing as a matter of law. Defendant Tina Mataya did not file any counterclaims against Plaintiff before the deadline set by this Court, so she cannot rely on the rule that a counterclaim can preclude discharge of the stakeholder, *see Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1012 (9th Cir. 2012). And she "has cited no authority which holds that speculation about possible negligent conduct renders a stakeholder no longer 'disinterested' so as to preclude discharge." *Nationwide Life & Annuity Ins. Co.*, 2023 WL 3628588 at *2. She thus cannot defeat Plaintiff's entitlement to dismissal from this case and discharge from liability.

## CONCLUSION

This Court GRANTS Plaintiff's Motion for Discharge and Dismissal with Prejudice, ECF 19.[2] Pursuant to 28 U.S.C. § 2361, this Court also ORDERS the following discharge injunction:

---

[2] At this time, this Court does not decide whether Plaintiff may receive attorney's fees and costs from the deposited $100,000—an issue which lies in this Court's equitable discretion. *See Std. Ins. Co. v. Est. of Keeler ex rel. Bowles*, Case No 03:18-CV-00494-AC, 2018 WL 3978963, at *2 (D. Or. Aug. 20, 2018). Although Defendant Wolf does not oppose Plaintiff's dismissal from this case and discharge of its relevant liabilities, he does oppose Plaintiff's receiving attorney's fees and costs on the ground that "Plaintiff's negligence . . . gave rise to this litigation." Wolf Resp., ECF 22 at 2–3. To the extent that evidence supports this claim, it is relevant to whether this Court should award attorney's fees. *See Wells Fargo Bank v. Magellan Owners Ass'n*, No. CV 09–587–PHX–MHM, 2010 WL 3328196, at *1 (D. Ariz. Aug. 23, 2010) (Murguia, J.) (noting that whether attorney's fees should be granted depends on, among other things, if "the shareholder comes by the asset innocently and in no way provokes the dispute among the claimants." (citations and internal quotation marks omitted)).

PAGE 6 – OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DISCHARGE AND DISMISSAL

1.      Lincoln Benefit and any related entities, and administrator, and any of their respective past, present and future directors, officers, employees, agents, stockholders, administrators, fiduciaries and representatives (collectively referenced as "Releasees") are hereby released and discharged from any and all liability to Tina L. Mataya and Dean O. Wolf, and any person, firm, estate, corporation, or entity on account of or in any way related to life insurance policy no. 01N1083272 issued to the late Linda J. Mataya, including but not limited to any benefit payable there under, the disbursement of funds, or the handling of claims or disputes relating to the life insurance policy no. 01N1083272 (referenced as the "Released Claims"); and

2.      Tina L. Mataya and Dean O. Wolf, and their respective agents, attorneys, representatives, successors, assigns, and heirs are hereby permanently enjoined from instituting or prosecuting against the Releasees with regard to the Released Claims.

**IT IS SO ORDERED.**

DATED this 3rd day of January, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge