IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEAN WOLF**,<br><br>    Cross Claimant,<br><br>  v.<br><br>**TINA MATAYA**,<br><br>    Cross Defendant. | Case No. 3:23-cv-00401-IM<br><br>**OPINION AND ORDER GRANTING CROSS CLAIMANT DEAN WOLF'S MOTION FOR SUMMARY JUDGMENT** |

John N. Andon, Andon Law Firm, 5 Centerpointe Dr., Suite 400, Lake Oswego, OR 97035. Attorney for Cross Claimant Dean Wolf.

Tina Mataya, Eagle Creek, OR 97022. Pro se Cross Defendant.

**IMMERGUT, District Judge.**

  Before this Court is Cross Claimant Dean Wolf's Motion for Summary Judgment ("Mot."), ECF 30. In this interpleader action, Wolf and Cross Defendant Tina Mataya dispute which of them is the beneficiary of Ms. Linda Mataya's life insurance policy. Earlier in this case, Plaintiff-Interpleader Lincoln Benefit Life Company deposited $101,019.18 with the Clerk of the Court and was dismissed from this matter. Opinion & Order, ECF 24. Now Wolf contends that

PAGE 1 – OPINION AND ORDER GRANTING CROSS CLAIMANT WOLF'S MOTION FOR SUMMARY JUDGMENT

he is entitled to summary judgment because there is no dispute that he was made an "irrevocable beneficiary" of the life insurance policy in 2012 and never consented to any subsequent changes to the policy.

For the reasons below, this Court GRANTS the Motion for Summary Judgment. In reaching this conclusion, this Court acknowledges that the outcome likely does not reflect the intent of the late Ms. Linda Mataya. Tina Mataya would have befitted from having an attorney both before and after Ms. Linda Mataya's passing. But this Court must rule based on the legal claims and arguments the parties have made. And it has done so here.

## LEGAL STANDARDS

A party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute of material fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). The moving party bears the initial burden of identifying portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim. *Celotex*, 477 U.S. at 323. If the moving party meets this burden, the opposing party must then set out specific facts showing a genuine issue for trial to defeat the motion. *Anderson*, 477 U.S. at 250.

**BACKGROUND**

On or about April 11, 2002, Ms. Linda Mataya applied for a life insurance policy with Lincoln Benefit Life Company. *See* Application, ECF 1-1, at 9. The Application listed Jerry Mataya as the primary beneficiary. *Id.* at 2. The policy issued on May 6, 2002, and provides a total death benefit of $100,000. Policy Data, ECF 1-2.

Then, on June 26, 2012, Ms. Linda Mataya filed a request to change her policy's primary beneficiary to Wolf. 2012 Change of Beneficiary Request, ECF 1-3 at 2, 4. On that form, she checked off "Irrevocable Beneficiary." *Id.* at 2. Ms. Linda Mataya signed the request. *Id.* at 4. Wolf then signed the form as the "new irrevocable beneficiary." *Id.* The form states that "[i]f a new irrevocable beneficiary is named, [Lincoln Benefit Life Company] will require the new irrevocable beneficiary to sign and date this and any future requests (i.e. withdrawal, ownership change, etc.)." *Id.*

Nearly a decade later, on March 29, 2022, Ms. Linda Mataya filed another request to change her policy's primary beneficiary to Tina Mataya, her daughter. 2022 Change of Beneficiary Request, ECF 1-4 at 3, 5. Ms. Linda Mataya signed the request. *Id.* at 5. However, the "irrevocable beneficiary signature" line was left unsigned, *id.*, and Wolf attests in a declaration that since he was named the policy's irrevocable beneficiary, he has "not signed any additional documents regarding any future requests on this policy," Declaration of Dean O. Wolf, ECF 31, Ex. 2 ¶ 3.

Nonetheless, on April 1, 2022, Lincoln Benefit sent Ms. Linda Mataya a letter "to let [her] know that [Lincoln Benefit] ha[d] processed [her] recent beneficiary change request." Processing Letter, ECF 1-5. The letter listed Tina Mataya as the primary beneficiary with a 100% share of the policy. *Id.*

On September 23, 2022, Ms. Linda Mataya passed away. Claim Form, ECF 1-7 at 6. Sometime between then and November 4, 2022, Tina Mataya requested payment as the policy's primary beneficiary and learned that the 2022 change of beneficiary was invalid because it lacked Wolf's signature. Defendant's Letter, ECF 1-6. Eighteen days later, Wolf filed a claim form requesting payment. Claim Form, ECF 1-7 at 4.

Lincoln Benefit filed this interpleader action on March 20, 2023. Complaint, ECF 1. After appearing in this matter, Wolf filed a crossclaim against Tina Mataya. ECF 13. Lincoln Benefit deposited the life insurance policy's proceeds with the Clerk of the Court, ECF 29, and this Court dismissed Lincoln Benefit from this action on January 3, 2024, *see* Opinion & Order, ECF 24. This Court did so because it was uncontested that Lincoln Benefit was a disinterested party with no stake in the case and satisfied the prerequisites to both statutory and rule interpleader. *Id.* at 5–6. And neither Wolf nor Tina Mataya filed counterclaims against Lincoln Benefit, which would have preluded Lincoln Benefit's discharge from this matter. *Id.* at 6.

## DISCUSSION

There is no genuine dispute of material fact that Wolf remains the irrevocable beneficiary of the life insurance policy.

*First*, as Tina Mataya concedes, Wolf was made the irrevocable beneficiary of the policy in 2012. Defendant's Memorandum in Opposition to MSJ ("Resp."), ECF 33 ¶ 2. The document Wolf signed stated that he would need to sign and date "any" future requests for changes to the policy. This Court must adhere to that plain text. *See Ortiz v. State Farm Fire & Cas. Co.*, 244 Or. App. 355, 360 (2011) ("If a term has a plain meaning because it is susceptible to only one plausible interpretation, we will apply that meaning and conduct no further analysis." (internal quotation marks and citation omitted)). In addition, the term "irrevocable beneficiary" has an

established meaning in insurance law. It refers to when one has "a vested . . . interest in the proceeds of this policy which could not be divested by a subsequent formal change of beneficiary." *Aetna Life Ins. Co. v. Bunt*, 754 P.2d 993, 999 (Wash. 1988) (en banc). It stems from the premise that "if a third person such as a beneficiary has a vested right under the policy—whether that right be via the terms of the policy, another contract, or a statutory provision—the insured cannot make any assignment that would impair or destroy that right." 3 Jordan R. Plitt et al., Couch on Insurance § 35:16 (June 2024 update) (footnote omitted). So, as a matter of plain text and insurance law, Wolf needed to sign off on any changes to the life insurance policy for those changes to have had any valid effect.

*Second*, Wolf did not sign the 2022 request to change the primary beneficiary to Tina Mataya. His signature is not on the line for "irrevocable beneficiary," and he attests that, after 2012, he never signed off on any changes to the policy. Therefore, the 2022 request was invalid, and Wolf's status as the irrevocable beneficiary was unaltered by the 2022 request. Wolf remains the policy's beneficiary—that resolves this case.

*Third*, Tina Mataya's contrary arguments involve issues not relevant to the precise legal dispute that is now before this Court. She argues that "[h]ad Lincoln Benefit not confirmed the [2022 request] and instead informed [Linda Mataya] that [Claimant's] signature was required, Linda would have pursued additional measures to effectuate such a change." Resp., ECF 33 ¶ 2. While this assertion perhaps would have been relevant to a counterclaim of promissory estoppel or waiver against Plaintiff Lincoln Benefit, Tina Mataya did not raise any such counterclaim, even after Plaintiff pointed out that she had not done so in its Motion to Dismiss briefing. *See* Motion to Dismiss, ECF 19 ¶ 5; Motion to Dismiss Reply, ECF 23 ¶ 10. As the case currently

stands, Tina Mataya's arguments are not relevant to the legal question before this Court: whether the 2022 change of beneficiary request had any valid effect.

Tina Mataya also makes arguments about Wolf's personal behavior and his relationship with the late Linda Mataya. Resp., ECF 33 ¶ 3. Again, however, these allegations have no bearing on the meaning of the life insurance policy. *See Ortiz*, 244 Or. App. at 361 ("[T]he interpretation of an insurance contract must be based on the four corners of the document; extrinsic evidence is not admissible to determine its meaning."). That policy required Wolf to sign off on any subsequent changes to the policy as the irrevocable beneficiary, and he did not sign off on the 2022 change of beneficiary request. So he remains the policy's primary beneficiary.

Because Wolf remains the irrevocable beneficiary of Ms. Linda Mataya's life insurance policy, the proceeds must go to him.[*]

## CONCLUSION

For the reasons above, Claimant Wolf's Motion for Summary Judgment, ECF 30, is GRANTED.

---

[*] It appears that Wolf intends to seek attorney's fees from Tina Mataya pursuant to Federal Rule of Civil Procedure 11, ECF 13 at 5, which permits such sanctions "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Est. of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Although Wolf has yet to file a motion on this score, in the interest of time and resources for all involved in this matter, this Court finds that based on the record in this case there is nothing frivolous or unreasonable about Tina Mataya's pro se filings. *Cf.* Opinion & Order, ECF 24 at 6 n.2; *see also Rupert v. Bond*, 68 F. Supp. 3d 1142, 1169 (N.D. Cal. 2014) ("[W]hat is objectively reasonable for a *pro se* litigant and for an attorney may not be the same." (citation omitted)).

**IT IS SO ORDERED.**

DATED this 12th day of July, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge